UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE LEILANI ALVES, *et al.*, <br>     Plaintiffs, <br> v. <br> NEVADA POWER COMPANY, *et al.*, <br>     Defendants. | Case No. 2:24-cv-00231-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 6,7] |

Pursuant to 28 U.S.C. § 1915 Plaintiffs are proceeding in this action *pro se* and have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 6,7. Plaintiffs also submitted a complaint. Docket No. 4-1.

**I.**     ***In Forma Pauperis* Application**

Each Plaintiff has filed the affidavit required by § 1915(a). Docket Nos 6,7. Both Plaintiffs have shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiffs' complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

2

### A. Diversity Jurisdiction

Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) does not exist here because Plaintiffs and Defendants appear to all be citizens of Nevada. *See* Docket No. 4-1 at 1-3.

### B. Federal Question Jurisdiction

It is unclear whether there is any basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Although Plaintiffs identify constitutional provisions they contend are implicated by their suit, *see* Docket No. 4-1 at 3, as explained further below, the statement fails to provide any basis from which to conclude that Defendants violated Plaintiffs' constitutional rights.

### C. Failure to State a Claim

Plaintiffs assert claims against NV Energy,[1] Public Utilities Commission of Nevada,[2] Lisa Scott, and Jennifer Rose. Docket No. 4-1 at 2-3. The gist of Plaintiffs' allegations are as follows: (1) NV Energy disconnected Plaintiffs' power for nonpayment, *see id*. at 5; (2) Plaintiffs called NV Energy and Jennifer Rose allegedly told Plaintiffs they needed to pay $8,823.22 before service could be restored, *see id*.; (3) Plaintiffs informed Jennifer Rose the bill was not in their name and, therefore, they were not responsible for the amount owed, *see id.* at 6; (4) Jennifer Rose told Plaintiffs that if Plaintiff Derrick Alves' mother sent NV Energy a letter taking responsibility for the bill, then service would be reconnected, *see id*. at 5; (5) NV Energy is trying to extort money from Plaintiffs, *see id.*; (6) Plaintiffs offered to go on a payment plan which NV Energy denied, *see id.*; (7) NV Energy is retaliating against Plaintiffs by taking away NV Energy's meter and Plaintiffs' generator, *see id*.; and (8) as a result, Plaintiffs have lost their power, their family, and their pets. *See id*. at 7. Based on these allegations, Plaintiffs seeks to assert federal claims arising under the Fourteenth Amendment. Docket No. 4-1 at 4. Plaintiffs seek both injunctive relief, in

---

[1] Plaintiffs name the Defendant as Nevada Power Company in the caption page, Docket No. 4-1 at 1, but refer to it as NV Energy throughout the complaint.

[2] Plaintiffs name the Defendant as "Public Utilities Commission." Docket No. 4-1 at 2. The Court takes judicial notice of the State of Nevada Public Utilities Commission website, which lists the proper name as Public Utilities Commission of Nevada. *See Daniel-Halls v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of government websites).

the form of an order requiring NV Energy to turn Plaintiffs' power back on, and punitive damages in excess of $100,000. Docket No. 4-1 at 5, 7.

### a. Nevada Energy

Plaintiffs' complaint fails to state a claim against Nevada Energy. Plaintiffs do not explicitly list the law(s) under which they bring their claims, and state only that they claim violations of due process against Nevada Energy and its employee. Docket No. 4-1 at 4. Even if Plaintiffs desire to bring claims under the Fourteenth Amendment's due process clause, the United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 42 U.S.C. § 1983. *E.g., Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

Additionally, the Fourteenth Amendment can not be enforced against private citizens. *United States v. Morrison*, 529 U.S. 598, 621 (2000) ("the Fourteenth Amendment, by its very terms, prohibits only state action"). When actions are brought against private parties for infringement of constitutional rights, plaintiffs must show that the private parties' infringement somehow constitutes state action. *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996). Since Nevada Energy is a private company, Plaintiffs must plead facts which show that Nevada Energy's and Ms. Rose's alleged infringement constitutes state action.

Further, to state a cause of action for deprivation of procedural due process under the Fourteenth Amendment, Plaintiffs must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See Ky. Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In addition, Plaintiffs must plead that the processes in place are inadequate. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Here, Plaintiffs' sole allegation is that "the utility company must provide the customer with fair notice and an opportunity to appeal or make a payment plan before terminating the service." Docket No. 4-1 at 4. Plaintiffs have failed to make any of the required showings and, therefore, have failed to state a claim as to due process in violation of the Fourteenth Amendment.

### b. Public Utilities Commission

Plaintiffs list Public Utilities Commission as a defendant on the caption page. *See* Docket No. 4-1 at 1. Plaintiffs fail, however, to state a colorable claim against this entity. Plaintiffs neither identify any action taken by Public Utilities Commission nor makes any factual allegations involving Public Utilities Commission outside of submitting that Plaintiffs were turned away by Public Utilities Commission, Docket No. 4-1 at 5, and that Public Utilities Commission "should take responsibility for their employee's actions." Docket No. 4-1 at 7.

Further, "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nev. ex rel. bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 967 (9th Cir. 2010). Nevada has not waived its Eleventh Amendment immunity and its regulatory agency is immune from suit. *Brigance v. Nevada*, 2017 WL 2464438 (D. Nev. June 7, 2017) at *2 (citing Nev. Rev. Stat. § 41.031(3)). Plaintiffs' claim against Public Utilities Commission is barred by Eleventh Amendment immunity.

### c. Lisa Scott

Plaintiffs list Lisa Scott as a defendant in the parties to this complaint section. Docket No. 4-1 at 3. Plaintiffs fail to state a colorable claim against Ms. Scott. Plaintiffs neither identify any action taken by Ms. Scott nor make any factual allegations involving Ms. Scott.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' applications to proceed in *forma pauperis* are **GRANTED**. Docket Nos. 6,7. Plaintiffs are not required to pay the filing fee of $405. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiffs' complaint on the docket. Docket No. 4-1.

3. The complaint is **DISMISSED** with leave to amend. Plaintiffs will have until **October 26, 2024,** to file an amended complaint, if the noted deficiencies can be corrected. If

Plaintiffs choose to amend the complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: September 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge